[No. 8557.]

## OLDHAM V. THE PEOPLE.

1. CRIMINAL LAW—*Insanity—Insane Delusion—Instructions.* Indictment for murder. The evidence tended to show that the homicide was committed under the influence of an insane delusion on the part of the prisoner that the deceased and others were in a combination to persecute and injure him.

An instruction that an insane delusion, to be, a defense, must have reference to matters which, if real, would justify the killing. *Held* error. *Ryan v. People*, 60 Colo. 125, followed. (414.)

*Held* further that inasmuch as none of the delusions urged would, if real, have justified the killing, the instruction must have tended to discredit the evidence for the prisoner, and that this prejudicial effect could not be repaired by general instructions on the subject of insanity, however full and correct.

The opinion in *Ryan's* case referred to as a guide to the District Courts. Care should be observed to state the rule governing accountability to the law for crime, rather than to attempt a definition of insanity, or any of the various forms of diseases of the mind. And the charge should be in plain and comprehensive terms, with little enlargement beyond a concise and accurate statement of the definition of mental incapacity to commit crime contained in *Ryan's* case. (414, 415.)

2. —— *Evidence—Opinions—Cross Examination.* A witness who testified upon direct examination that, in his opinion, the accused was insane, may properly be asked on cross-examination whether he was so insane as to be unable to distinguish between right and wrong. (416.)

*Error to Routt District Court.* Hon JOHN T SHUMATE, Judge.

Messrs. GOODING & GOODING, Mr. EDWIN H. PARK and Mr. THOS. H. GIBSON, for plaintiff in error.

Mr. FRED FARRAR, Attorney General, Mr. NORTON MONTGOMERY and Mr. RALPH E. C. KERWIN, Assistant Attorneys General, for The People.

Mr. Justice BAILEY delivered the opinion of the court.

James W. Oldham was tried and convicted of the crime of murder and sentenced to life imprisonment. He prosecutes this writ of error. Oldham killed one Clifford M. Ful-

ton, at a school meeting at what is known as Galloway Place, in the Valley of the Elkhead, Routt County, May 4th, 1914, through means of shots fired from an automatic pistol. All the testimony adduced on behalf of defendant tended to show that the act was the direct result of delusions, by which the defendant appeared to be afflicted, to the effect that certain persons, including Fulton, were in a combination and conspiracy to persecute and injure him, indicating insanity of the form known as paranoia. It is unnecessary to detail the facts concerning the homicide presented by the record, as there is no dispute upon them. The sole and controlling question for determination is one of law.

Over the objection and exception of the defendant the court gave the following instruction:

"The court instructs the jury that an insane delusion, to be a defense, must be a mental delusion connected with the offense charged and it must be such a delusion which, if true, would excuse the crime committed."

There is nothing whatever in the evidence which shows or even tends to show that any of the delusions which it is claimed Oldham had concerned matters which, if real, would have justified the killing. The instruction is substantially the same as that upon which, under a like state of evidence, the judgment in the case of *Ryan v. People,* decided at the September 1915 term, 60 Colo. 425, 153 Pac. 756, was reversed, and upon the authority of that decision this judgment must also be reversed. None of the other instructions given in the present case cured the error. The instruction under consideration in effect told the jury that unless the delusions of the defendant were of and concerning matters which, if real, would justify the killing, he could not be acquitted on the ground of insanity. Since the evidence of the defense was confined to delusions concerning matters which, if real, would not have justified the killing, the instruction must have had the effect to weaken, discredit

and practically nullify such evidence, and the prejudicial effect could not be repaired, under the circumstances of this case, by general instructions given on the subject of insanity, no matter how full and correct they may have been. As stated in the *Ryan* case, there are no doubt cases involving the defense of insanity in which the giving of such an instruction might not constitute prejudicial error, but as it embodies an incorrect legal principle, it ought not to be given at all.

In view of a new trial, attention is directed to the fact that the opinion in the *Ryan* case indicates what the substance of the inquiry in a criminal case is upon the defense of insanity. It is apparent from that authority that the giving of a multitude of instructions upon the question is well calculated to cloud the issue and tend to the commission of error. Care should be observed to state the rule governing accountability to the law, rather than to attempt to define insanity or any of the various recognized forms of diseases of the mind, and the law requires that the instructions to this end be couched in plain and comprehensive terms, consistent with approved scientific determinations. The opinion in the Ryan case makes it plain that there is no room for profusion of instructions upon the question of insanity, and little if any for enlargement, beyond the point of concise and accurate statement to the jury of what the law regards as mental incapacity for the commission of crime, as therein indicated. We refrain, therefore, from comment upon or consideration of the numerous instructions given by the court upon this subject, of which complaint is made, in the belief that in view of what is here suggested, and also of the opinion in the Ryan case, a clear guide is furnished as to the character of instructions which the court should give in criminal cases upon the defense of insanity. We repeat that where the act is done because of moral obliquity, mental depravity, or passion growing out of anger,

revenge, hatred or other motives, then the perpetrator is accountable to the law, and should not escape punishment on a plea of insanity.

Upon cross-examination by the District Attorney opinions were elicited from several witnesses as to whether the defendant was, in their opinion, so insane as to be unable to distinguish right and wrong. In each case the witness had been theretofore asked on direct examination whether or not in his opinion the defendant was sane or insane, and the answer was, insane. Each one of these witnesses, before being asked his opinion upon the question of defendant's sanity, recited at length his acquaintanceship and familiarity with certain peculiarities and eccentricities with which the defendant was apparently imbued. Undoubtedly questions of the character objected to would not be proper on direct examination, but after a witness has testified that he believes a person insane or of unsound mind it is within the legitimate scope of cross-examination to ask the witness for his opinion as to the extent of the supposed insanity, or the extent to which the mind of the defendant is affected. *State v. Leeham,* 2 S. Dak. 180, 49 N. W. 3; *Glover v. State,* 129 Ga. 717, 59 S. W. 816; *State v. Crowe,* 39 Mont. 180, 192 Pac. 579, 18 Ann. Cas. 643; *State v. Porter,* 34 Iowa 131. It seems to be a generally recognized rule that, for the purpose of testing the value of the testimony given, wide latitude is allowed in the cross-examination of a witness who has expressed an opinion upon a disputed question, and in this case the court committed no error in that respect.

The judgment is reversed and the cause remanded for a new trial in conformity with the views herein expressed.

*Judgment reversed and cause remanded.*

Decision *en banc.*

Mr. Justice GARRIGUES dissents.